IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

EUGENE RHODES,

    Plaintiff,
v.                                         CASE NO. 1:15-cv-187-MW-GRJ

WCA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed a complaint against WCA[1] in the County Court for of the Eighth Judicial Circuit, in and for Alachua County, Florida, purporting to allege a claim for violation of the Family and Medical Leave Act ("FMLA"). Defendant timely removed the case to this Court based on federal question jurisdiction. This case is before the Court on Defendants' Rule 12(b)(6) Motion to Dismiss. (ECF No. 6.) Plaintiff has filed a response, and the motion is now ripe for review. (ECF Nos. 14, 15.) For the reasons discussed below, the Court concludes that Defendants' motion to dismiss is due to be granted but that Plaintiff should be given

---

[1] While Plaintiff does not identify "WCA" in the complaint he filed in Alachua County Court the attachments to the complaint refer to WCA Management Company LP. Additionally, Defendant represents in its motion to dismiss that Defendant's correct name is WCA Waste Systems, Inc.

leave to file an amended complaint.

## I. BACKGROUND

The allegations in Plaintiff's Complaint are contained on a state county court "statement of claim" form and are, therefore, abbreviated and extremely vague. The gist of Plaintiff's claim, as deduced from the claim form and the attachments to the form, may be summarized as follows. Plaintiff alleges that the Gainesville branch of WCA owes him $5,000. Plaintiff further alleges that "FMLA's employer covered job protection of 12 weeks" and his "serious health condition (job related shoulder injury and low back illness) would not allow him to return to pulling, lifting, climbing, bending, immediately." Plaintiff goes on to allege that the "First report of injury and illness asked WCA would employee receive lost time salary, wages or settlement. But no reply." Plaintiff requests damages in the sum of $5,000.00, plus costs.

While these allegations obviously are insufficient to state a claim under the FMLA, construing Plaintiff's claims liberally, it is evident that his claim involves a job related shoulder injury and lower back illness that required him to take time off from work. Further, Plaintiff alleges that his employer, ("WCA") would not allow him immediately to continue pulling,

lifting, climbing, and bending after his injury.  Plaintiff alleges that he asked WCA if he would receive either salary, wages, or settlement during his time off, but did not hear from WCA. Lastly, while the Plaintiff does not allege on the statement of claim that he was terminated, it is evident that he was as evidenced by allegations included in one of the attachments to Plaintiff's claims.

## II.  STANDARD OF REVIEW

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom.  *See, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir.1994).  Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits.  Fed R. Civ. P. 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir.1993).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court articulated a two-pronged approach for evaluating a motion to dismiss under Rule 12(b)(6): The court must first determine what factual allegations in the complaint are entitled to a presumption of veracity, and then assess

whether these facts give rise to an entitlement for relief.  In determining whether factual allegations are entitled to the presumption of truth, the Court stated that it was not whether the facts are "unrealistic or nonsensical" or even "extravagantly fanciful," but rather it is their conclusory nature that "disentitles them to the presumption of truth." *Id.* at 679.  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007).  "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings."  *Hopkins v. Saint Lucie County School Bd.,* 2010 WL 3995824, **1 (11th Cir. 2010) (unpublished) (citations omitted) (applying pleading standards of *Iqbal* and *Twombly* to *pro se* complaint).[2]

### III. DISCUSSION

In the instant motion, Defendant requests dismissal of Plaintiff's Complaint for failure to state a claim under the FMLA.

The FMLA provides that an "eligible employee shall be entitled to a

---

[2] Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority.

total of 12 workweeks of leave during any 12-month period . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee."  29 U.S.C. § 2612(a)(1)(D). The FMLA creates a private right of action to seek both equitable relief and money damages "'against any employer (including a public agency)', § 2617(a)(2), should that employer 'interfere with, restrain, or deny the exercise of' FMLA rights', § 2615(a)(1)."  *Nevada Dept. of Human Resources v. Hibbs*  538 U.S. 721, 724-725 (2003).

The FMLA creates a cause of action for both "interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act, and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in an activity protected by the Act."  *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1293 (11th Cir. 2006)(citing *Strickland v. Water Works and Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1206 (11th Cir. 2001)).  Defendants contend that Plaintiff has not alleged facts to state either an interference or retaliation claim under the FMLA.

To allege an interference claim under the FMLA, an employee must

demonstrate (1) that he was qualified for FMLA protected leave and (2) the employer denied him that benefit. *White v. Beltram Edge Tool Supply, Inc.*, 789 F.3d 1188 (11th Cir. 2015)(citing *Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1235 (11th Cir. 2010)). Construing Plaintiff's claims liberally, he alleges that he is entitled to 12 weeks of leave because he experienced a shoulder injury and "low back illness," which he alleges, constitute a "serious health condition," qualifying him for protected leave.

Defendant argues that Plaintiff has not alleged sufficient facts to establish a "serious health condition" and thus he has not shown entitlement to any benefit under the FMLA. A "serious health condition" is defined in the FMLA as "an illness, injury, impairment, or physical or mental condition that involves–(A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611.

While Defendant is correct that Plaintiff has not alleged specific facts that meet the definition of a serious health condition, at this point of the proceedings, all inferences must be made in favor of the non-moving party. In his supplemental response, ECF No. 15, Plaintiff has alleged he sustained a shoulder and back injury for which he has been prescribed

pain medicines and muscle relaxers, which arguably could constitute the type of injury that qualifies as a serious medical condition.  While these allegations are not included in the complaint and render his complaint subject to dismissal, the Plaintiff should be given an opportunity to amend his complaint to allege facts supporting his allegation that he suffered a serious health condition and that he otherwise qualified for FMLA leave. Plaintiff has not had an opportunity to amend since the case was removed to federal court.  In amending his Complaint Plaintiff should specify whether his alleged injuries required either inpatient care or continuing treatment by a health care provider.

     Defendant further contends that Plaintiff has failed to allege a denial of any benefits to which he was entitled under the FMLA.  While Plaintiff's Complaint does state that the WCA owes him $5,000—and that he never heard from the WCA regarding his wages for lost time— Plaintiff's allegations do not include any mention that he was entitled to benefits under the FMLA and that WCA denied the benefits. Therefore, Plaintiff should be required to clarify these allegations in an amended complaint. When amending his Complaint, Plaintiff should identify the steps he took to obtain leave under the FMLA and how his employer interfered with his

efforts.

Defendant also argues that Plaintiff has not alleged facts sufficient to state a claim for retaliation under the FMLA. To state a *prima facie* case of FMLA retaliation, Plaintiff must allege that: (1) he engaged in statutorily protected activity; (2) he suffered an adverse employment decision; and (3) the decision was causally related to the protected activity. *Walker v. Elmore County Bd. of Educ.*, 379 F.3d 1249, 1252 (11th Cir. 2004).

In addition to the fact that Plaintiff has not clearly alleged that he qualifies for leave under the FMLA and has not alleged that he sought leave, Plaintiff also has failed to allege that his employer retaliated against him on this basis. When amending his Complaint, Plaintiff must allege how he sought leave under the FMLA and any adverse employment actions taken by Defendant as a result of Plaintiff exercising his entitlement to benefits under the FMLA.

### III. RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss (ECF No. 6) should be **GRANTED**. The complaint should be **DISMISSED without prejudice** to Plaintiff's right to file an amended complaint within **twenty (20) days** of the date the Court

enters its order granting the motion to dismiss.

**IN CHAMBERS** this 10th day of December 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.