IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

EUGENE RHODES,

    Plaintiff,

v.                                          CASE NO. 1:15-cv-187-MW-GRJ

WCA,

    Defendant.

_____/

## **ORDER AND REPORT AND RECOMMENDATION**

Plaintiff initiated this case by filing a *pro se* Complaint in state court alleging that Defendant, "WCA," violated the Family and Medical Leave Act ("FMLA"). Defendant removed the case to this Court on August 28, 2015 and filed a motion to dismiss several days later. (ECF Nos. 1, 3, & 6.) The Court recommended that the motion to dismiss be granted, but that Plaintiff be given leave to amend his Complaint within twenty days. (ECF No. 17.) This recommendation was adopted on December 31, 2015. (ECF No. 20.)

In the Report and Recommendation, the Court found that the Complaint filed by Plaintiff in state court failed to state a claim under the FMLA and thus was due to be dismissed. The Court recognized, however,

that Plaintiff had not had the opportunity to amend his Complaint since removal, and instructed Plaintiff to file an Amended Complaint containing factual allegations supporting his claim within twenty days of the order granting the motion to dismiss.  (ECF No. 17.)

Although Plaintiff has submitted numerous filings since the recommendation was adopted, none of these filings resemble a complaint. Plaintiff's first filing, a motion to "order mandatory injunction against Defendant," contained argument that the case was improperly removed from Alachua County, small claims court, and conclusory assertions that he had stated a claim under the FMLA.  (ECF No. 22.)  The filing, however, lacked any factual allegations supporting Plaintiff's claim, and the Court struck the filing.  (ECF No. 23.)

Plaintiff filed a motion titled "motion not to strick [sic] Plaintiff's mandatory injunction," which is still pending.  Liberally construing the motion as one for reconsideration of the Court's order striking his filing, ECF No. 23, this motion is due to be denied.  Plaintiff has not pointed to any grounds for reconsideration, which include newly-discovered evidence or manifest errors of law or fact.  *Smith v. Ocwen Financial*, 488 F. App'x 426, 428 (11th Cir. 2012).  Plaintiff only argues that his case should not

have been removed and he cites FMLA case law.  Nothing in the motion, however, addresses why the order striking his filing should be reconsidered.  Accordingly, Plaintiff's request for reconsideration is due to be denied.

Plaintiff has two additional filings on the docket that he submitted after the Court's recommendation was adopted.  One addresses a scheduling order entered in this case and subsequently withdrawn, and does not contain factual allegations resembling a Complaint.  (ECF No. 25.)  The other filing is titled "Plaintiff's Answer and Response."  (ECF No. 24.)  The statements in this filing are difficult to understand, as has been the case with all of Plaintiff's filings.  As best as the Court can decipher, Plaintiff addresses removal of this case, cites FMLA case law, and apparently lists the documents he submitted to the Defendant, "WCA," in order to obtain paid leave.  He claims that he should be awarded worker's compensation, disability, and leave.

Defendant has moved to strike this filing as an improper complaint.  While the Complaint does make the assertion that Plaintiff is entitled to benefits under the FMLA, Plaintiff again fails to support his claim with any factual assertions.  The Report and Recommendation clearly directed

Plaintiff to amend his Complaint and include factual allegations supporting his claim, whether his claim under the FMLA was an interference claim or a retaliation claim. Plaintiff has submitted several filings since the order granting the motion to dismiss; however, none of these filings are responsive to the Court's directive, and the deadline to submit an Amended Complaint has now passed. Defendant's motion is due to be granted, and the Court will direct the Clerk to strike Plaintiff's "Answer and Response" from the docket.

Plaintiff has had sufficient time and opportunity to file an Amended Complaint describing his claim under the FMLA. The Court directed Plaintiff to file a Complaint containing factual allegations supporting his FMLA claim on or before January 19, 2016. That deadline has now passed, and although Plaintiff has submitted numerous filings, he has failed to provide anything resembling a Complaint or anything containing the factual allegations described by the Court.

The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case[.]" *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 998 (11th Cir.1983); *see also Burden v. Yates,* 644 F.2d 503,

505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); *Hyler v. Reynolds Metal Co.,* 434 F.2d 1064, 1065 (5th Cir.1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute[.]").  Moreover, the Local Rules of the Northern District of Florida provide that when no satisfactory cause is shown as to why a case should not be dismissed, then the Court may dismiss an inactive case for want of prosecution.  N.D. Fla. Loc. R. 41.1(A).

Despite the Court's clear directive, Plaintiff has failed to file an Amended Complaint within the prescribed period of time.  Accordingly, this case is due to be dismissed for failure to comply with an order of the Court and failure to prosecute.

## **CONCLUSION**

In light of the foregoing, it is **ORDERED AND ADJUDGED** that:

1.  Plaintiff's  "motion not to strick [sic] Plaintiff's mandatory injunction," ECF No. 26, construed as a motion for reconsideration, is **DENIED**.

2.  Defendant's Motion to Strike Answer to Complaint, ECF No. 27, is **GRANTED**.

It is further respectfully **RECOMMENDED** that this case should be

dismissed for failure to prosecute and failure to comply with an order of the Court.

**IN CHAMBERS** this 2nd day of February 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**